# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jason Burns,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Commercial Recovery Systems, Inc., *a foreign corporation*, and Heritage Pacific Financial, LLC, *a foreign limited liability company*,<br><br>　　　　Defendants. | Civil File No.: _____<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Jason Burns ("Burns" or "Plaintiff") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Commercial Recovery Systems, Inc. ("CRS" or "Defendant") is a foreign corporation that operates as a debt collection agency from an address of 671 East 18th St., Plano, Texas 75074.  CRS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Heritage Pacific Financial, LLC ("Heritage" or "Defendant") is a foreign limited liability company that operates as a debt collection agency from an address of 6860 Dallas Parkway, Suite 600, Plano, Texas 75024-4273.

7. Based upon information and belief, Heritage is the master, employer, principal, and/or joint venturer of CRS, and is therefore, vicariously liable for the acts and omissions of CRS.

## FACTUAL ALLEGATIONS

8. Plaintiff allegedly incurred a financial obligation with National City Bank, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

9. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

10. Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff sometime before February 2014.

11. Beginning on or about February 3, 2014, and continuing through March 10, 2014, Plaintiff received repeated and harassing telephone calls from CRS.

12. On or about February 5, 2014, Plaintiff received a telephonic communication from CRS in an attempt to collect a debt and in connection with the collection of a debt.

2

13. In particular, CRS left the following telephonic communication for Plaintiff:

    Hi. This message is for Jason. Jason, give me a call. My number is 1-888-978-6072. Thanks.

    End of call.

14. The telephonic communication left by CRS on or about February 5, 2014 violated 15 U.S.C. § 1692d(6) because CRS failed to provide a meaningful disclosure.

15. The telephonic communication left by CRS on or about February 5, 2014 violated 15 U.S.C. § 1692e(11) because CRS failed to disclose that the communication was from a debt collector.

16. On or about February 5, 2014, CRS left the following telephonic communication for Plaintiff:

    Ah, Jason Burns. Give me a call. I've got some great news. That settlement has been approved. Give me a call. My number is 1-888-978-6072. I do need to speak to you as soon as you get this message. Again, I did get that approved for you. Give me a call back as soon as you get this message. That number is 1-888-978-6072. I'll be awaiting your call. Thanks.

    End of message.

17. The telephonic communication left by CRS on or about February 5, 2014 violated 15 U.S.C. § 1692d(6) because CRS failed to provide a meaningful disclosure.

18. The telephonic communication left by CRS on or about February 5, 2014 violated 15 U.S.C. § 1692e(11) because CRS failed to disclose that the telephone call was from a debt collector.

19. On or about March 10, 2014, CRS left the following telephonic communication for Plaintiff:

   This message is for Jason Burns.  My name is Gerald, and I am going to need a call back today at 469-453-8434.  Your time [unintelligible] on that file.  I'll need a call back from you today.  If you can, at 469-453-8434.  Good luck.
   End of message.

20. The telephonic communication left by CRS on or about March 10, 2014 violated 15 U.S.C. § 1692d(6) because CRS failed to provide a meaningful disclosure.

21. The telephonic communication left by CRS on or about March 10, 2014 violated 15 U.S.C. § 1692e(11) because CRS failed to disclose that the communication was from a debt collector.

22. On or about April 9, 2014, CRS left the following telephonic communication for Plaintiff:

   Good afternoon.  This message is intended for Jason Burns.  Mr. Burns, my name is Mrs. Benson.  Contacting you in regards to Nexus Mortgage and the property address of 17827 Evener Way, MN.  You or your legal advisor, please return the call today.  888-978-7052.  Mr. Burns, the attorneys on staff are requesting the release of your file.  I would like the opportunity to speak with you or your legal representative by 7 p.m. central standard time.  This call has been documented.
   End of message.

23. The telephonic communication left by CRS on or about April 9, 2014 violated 15 U.S.C. § 1692d(6) because CRS failed to provide a meaningful disclosure.

24. The telephonic communication left by CRS on or about April 9, 2014 violated 15 U.S.C. § 1692e(11) because CRS failed to disclose that the communication was from a debt collector.

25. The telephonic communication left by CRS on or about April 9, 2014 violated 15 U.S.C. § 1692e(2)(A), and 1692e(5) because CRS falsely threatened to take a legal action against Plaintiff.

26. The telephonic communication left by CRS on or about April 9, 2014 violated 15 U.S.C. § 1692e(3) because CRS falsely implied that the communication involved an attorney.

27. On or about February 11, 2014, Plaintiff received a telephone call from a "Mr. Ward" from CRS in an attempt to collect a debt and in connection with the collection of a debt.

28. During this telephone conversation, "Mr. Ward" told Plaintiff that they had searched his assets, and that if he tried to hide any of his assets before CRS "files paperwork" against him he will be in "trouble."

29. CRS violated 15 U.S.C. § 1692e(4) on February 11, 2014, because "Mr. Ward" falsely represented and/or implied that a seizure, garnishment, attachment or sale of his property would occur if he did not pay the debt.

30. CRS violated 15 U.S.C. § 1692e(4) on February 11, 2014 when "Mr. Ward" threatened to get Plaintiff in trouble if he hid his assets from CRS because CRS had no ability to take any of Plaintiff's assets and because CRS did not intend to take any of Plaintiff's assets.

31. CRS violated 15 U.S.C. § 1692e(11) on February 11, 2014 because "Mr. Ward" employed false and deceptive means in an attempt to collect a debt when "Mr. Ward" falsely represented and implied that CRS could take Plaintiff's assets, and when "Mr. Ward" falsely represented and implied that Plaintiff would be in trouble if he hid his assets from CRS.

32. Plaintiff has incurred actual damages in the form anxiety, stress, feelings of hopelessness, as well as, other forms of emotional distress.

33. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses, such as, attorney's fees, as a result of Defendants' acts and omissions.

## TRIAL BY JURY

34. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

35. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

36. The foregoing acts of the Defendants constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq.*

37. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

38. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

39. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendants, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendants;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendants, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendants herein in an amount to be determined at trial; and
- For such other and further relief as may be just and proper.

Dated: April 11, 2014. **MARSO AND MICHELSON, P.A.**

By:   s/Patrick L. Hayes
      Patrick L. Hayes (0389869)
      William C. Michelson (129823)
      Attorneys for Plaintiff
      3101 Irving Avenue South
      Minneapolis, Minnesota 55408
      Telephone: 612-821-4817
      phayes@marsomichelson.com